**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MASON JAMES HENRY, | No. 11-17363 |
| Petitioner - Appellant, | D.C. Nos. 2:10-cv-02776-JAT |
| v. | 2:08-cr-01377-JAT-2 |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued & Submitted October 8, 2013
San Francisco, California

Before: N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior District Judge.**

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 to review the denial

of Mason James Henry's 28 U.S.C. § 2255 habeas petition. Reviewing the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

court's denial of the habeas petition de novo, *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), we affirm.

1. Henry's plea-agreement counsel did not have a duty to investigate Henry's mental health, because there was no evidence to suggest Henry was impaired. *See Doe v. Woodford*, 508 F.3d 563, 569 (9th Cir. 2007). Counsel's disclosure to the court that Henry understood the proceedings even though he sometimes took a little longer to process things was insufficient to trigger the duty to investigate Henry's mental impairment. *See id.*

Even if counsel were ineffective by not investigating Henry's mental health, the plea agreement would still be valid. Henry has offered no evidence that an investigation into his mental health would have changed the outcome of the plea agreement. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Instead, Henry speculates that there might be something in his medical, school, and family records that indicates he is mentally impaired. "Such speculation is plainly insufficient to establish prejudice." *Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008).

2. Assuming failure on the part of counsel to inform Henry of the maximum possible sentence he could receive, Henry was not prejudiced. *See Gonzalez v. United States*, 33 F.3d 1047, 1051-52 (9th Cir. 1994). At the plea hearing, Henry told the court he was satisfied with his attorney's performance. The court told

Henry that he could be imprisoned for a term of up to 25 years, which was the maximum sentence Henry could have received. Henry told the court that he understood the sentencing terms.

3. We decline to extend the Certificate of Appealability (COA) to include Henry's claim that 18 U.S.C. § 1153 is unconstitutionally vague. *See* 9th Cir. R. 22-1(e). "[M]erely because the term 'Indian' has been judicially defined on a case-to-case basis does not render § 1153 impermissibly vague." *United States v. Broncheau*, 597 F.2d 1260, 1264 (9th Cir. 1979).

4. We decline to extend the COA to include Henry's claims that the plea agreement was insufficient to support his guilty plea. In the plea agreement context, "[a]lleging that [Henry] was an Indian was sufficient for purposes of federal jurisdiction under § 1153. Further refinement was not required." *Broncheau*, 597 F.2d at 1263. The elements of the crime (with which Henry was charged) were found in the plea agreement (which Henry signed) and reviewed by the court with Henry at the plea hearing. Moreover, the factual allegations contained in the plea agreement and reviewed with Henry by the court at the plea hearing were sufficient to properly inform Henry of the nature and elements of the crime. Thus, the constitutional requirements of a plea agreement were met. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

The judgment of the district court is **AFFIRMED**.